# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **LEETEMA DANIELS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 09 C 3407 |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| **FRANK SHAW, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Leetema Daniels, a pretrial detainee at Cook County Jail, filed suit, *pro se*, alleging that he was wrongfully detained at Stateville Correctional Center beyond his release date. On initial review, Defendants Cook County Sheriff Tom Dart, Cook County Jail Director Salvador Godinez, Parole Agent Boulton-Rowels, and Parole Supervisor Ware were dismissed because Plaintiff failed to state a claim against these Defendants. In addition, Plaintiff's claims against Defendant Warden Shaw in his official capacity were dismissed, leaving only Plaintiff's claim against Shaw in his individual capacity. Presently pending before the Court is Shaw's motion for summary judgment as to that remaining claim. For the reasons stated in this order, Defendant's motion for summary judgment is granted.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203

F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendant filed his motion for summary judgment, he included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School*

*Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). The court may disregard statements and responses that do not comply with Local Rule 56.1. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005).

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.).

In response to Defendant's motion, Plaintiff filed a notice of filing for a "motion for summary judgment for plaintiff Leetema Daniels to move this court pro-se to litigant" and an attached a filing in which he moves the court to grant him a right to a jury trial. Plaintiff's responsive pleading is construed as his response in opposition to Defendant's motion for summary judgment. However, Plaintiff's filing does not include a specific response to Defendant's proposed undisputed facts. Accordingly, Defendant's proposed undisputed facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B).

## FACTS

Plaintiff was received in the Illinois Department of Corrections (IDOC) on December 3, 2007, for his conviction of possession of a controlled substance. (Def.'s 56.1(a)(3) Statement ¶ 8.) Plaintiff was released from IDOC on February 4, 2008, to serve a mandatory supervised release term of one year. (*Id*. at ¶ 8.)

On January 18, 2009, a warrant issued for Plaintiff following his arrest on January 16 or 17,

3

2009, for aggravated battery with a firearm. (Def.'s 56.1(a)(3) Statement ¶¶ 6, 11.) Plaintiff was admitted to the IDOC as a technical mandatory supervised release violator on January 27, 2009. (*Id.* at ¶ 7.)

On January 29, 2009, a preliminary hearing was held on Plaintiff's alleged violation of mandatory supervised release. Probable cause was found as to the charges against Plaintiff. (Complaint, p. 4.) On February 26, 2009, a full revocation hearing was conducted by the Prisoner Review Board (PRB), which found that Plaintiff had violated the terms of his mandatory supervised release as of January 16, 2009. The PRB order was received by IDOC on March 3, 2009. Until the order of the PRB was received by the IDOC, Plaintiff's sentence could not be calculated and he could not be released. (*Id.*, ¶ 13.) Plaintiff was released from IDOC on March 3, 2009. (*Id.*, ¶ 8.) On that day, he was transported directly to Cook County Jail, where he has remained since. (*Id.*, ¶ 9.)

Plaintiff did not file a grievance concerning the allegations in his complaint. (Def.'s 56.1(a)(3) Statement ¶ 14.) Plaintiff never appealed any grievance or any other issue related to the allegations in his complaint with anyone in Springfield. (*Id.*, ¶ 15.) Plaintiff alleges that he was denied pen, paper, and grievance forms. (Plaint.'s response, p. 1-2.)

Plaintiff never met Shaw and never had any conversations with Shaw. (Def.'s 56.1(a)(3) Statement ¶¶ 17, 18.) Plaintiff did not write any letters to, or receive any letters from, Shaw. (*Id.*, ¶ 19.) Plaintiff only learned from another individual that Shaw was the warden at the relevant times. (*Id.*, ¶ 20.)

**ANALYSIS**

Plaintiff alleges that he was improperly held past his release date following his arrest for a parole violation. Specifically, he alleges that he was sent to IDOC on January 28, 2009, at which time he was told his release date was to February 4, 2009. However, he was not released until March 3, 2009.

Plaintiff does not dispute that he was taken into IDOC custody following an alleged violation of the terms of his mandatory supervised release. The full panoply of constitutional rights guaranteed to a criminal defendant does not extend to individuals who are subject to revocation proceedings. *See Morrissey v. Brewer*, 408 U.S. 471, 485 (1972); *United States v. Neal*, 512 F.3d 427, 435 (7th Cir. 2008). Instead, the streamlined process that is due an individual who has already been convicted of an underlying crime, but in danger of losing his conditional liberty, includes: (1) written notice of the claimed violations, (2) disclosure of the evidence against him, (3) an opportunity to be heard in person and to present documentary evidence and witnesses, (4) the right to confront and cross-examine adverse witnesses, (5) a detached and neutral hearing body, and (6) a written statement by the fact-finder as to the evidence relied upon and the reasons for revoking parole. *Morrissey*, 408 U.S. at 489. The parole revocation process in Illinois provides for such due process, including both a preliminary hearing and a full hearing. *See* 730 ILCS 5/3-3-9

Here, Plaintiff was afforded full due process. He was taken into IDOC custody on January 27, 2009, following a warrant being issued due to his arrest for aggravated battery with a firearm. He received a preliminary revocation hearing on January 29, 2009, at which time probable cause was determined. Plaintiff received a full revocation hearing on February 26, 2009. The IDOC received the PRB's order on March 3, 2009, at which time Plaintiff was released to the custody of Cook County Jail. Plaintiff could not be released from IDOC until it received the PRB's order.

Plaintiff does not dispute any aspect of the revocation proceedings. Instead, he argues in his response to the motion for summary judgment that he should be allowed to go to trial on his claims, which include cruel and unusual punishment based on being locked down for long periods, long periods without a shower or seeing a physician, and not being provided paper, pen, grievances, or medical request slips.

The above, undisputed facts demonstrate that Plaintiff received the required due process for his revocation proceedings and that he was not improperly detained at IDOC. Plaintiff cannot proceed on his new allegations of "cruel and unusual punishment," as these allegations are not part of the present case. Furthermore, Plaintiff cannot amend his complaint via his response to the pending motion. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Furthermore, even if Plaintiff had demonstrated a violation of his due process, he has failed to demonstrate Shaw's requisite personal involvement to be held liable for a constitutional violation. Plaintiff's sole remaining claim is against Shaw in his individual capacity. Individual liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, instead, the supervisory official must have somehow been personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

Here, it is undisputed that Shaw was not personally involved in Plaintiff's detention at IDOC or in his revocation proceedings. Plaintiff never informed Shaw of any issues and he did not know who he was until after the alleged violation occurred. Accordingly, no reasonable jury could find that Shaw had the requisite personal involvement in any alleged due process violation.

Furthermore, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir.1997). Here, Plaintiff has not demonstrated that he suffered any injury, including any physical injury, as he was taken into Cook County Custody due to his arrest for aggravated battery with a firearm immediately upon his release from IDOC. Thus, any delay in his release from IDOC only caused a delay in his detention at Cook County Jail. Nor can Plaintiff rely on his alleged rash from inadequate conditions while at IDOC as his physical injury. As discussed above, that claim is not part of the instant case.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [27] is granted. Plaintiff's motion for summary judgment [33] is denied. The Clerk is directed to enter judgment in favor of Defendant Shaw pursuant to Fed. R. Civ. P. 56. This case is closed.

Dated: ____6/18/10_____          _____
                                          Elaine E. Bucklo
                                          United States District Court Judge